JS 44  (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

VINCENT BUTLER
LEONARD COLLINS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff   Prince George's County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph Caleb, CalebLaw, PLLC, 1100 H Street NW, Washington, DC 20005, 202-953-9849, Fred J. Brynn, Fred J. Brynn, P.C., 922 Pennsylvania Ave, SE,

Attorneys *(If Known)*
The Honorable Todd Blanche
Jeanine Ferris Pirro, Esq.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☒ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 
$1,200,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
July 17, 2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 06/12; DC 3/15) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| VINCENT BUTLER<br>LEONARD COLLINS<br><br>_____<br>*Plaintiff(s)*<br>v.<br>UNITED STATES OF AMERICA<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.  1:26-cv-2500<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  The Honorable Todd Blanche, United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530

Jeanine Ferris Pirro, Esq., Office of the United States Attorney, 601 D Street, N.W., Washington, DC 20530

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Joseph P. Caleb, 1100 H Street N.W., Washington, D.C. 20005

Frederick J. Brynn, 922 Pennsylvania Avenue, SE, Washington, D.C. 20003

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*ANGELA D. CAESAR, CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:26-cv-2500

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*


                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VINCENT BUTLER**<br>**5205 TROTTERS GLEN DRIVE,**<br>**Upper Marlboro, Maryland 20772** : | |
| **LEONARD COLLINS** :<br>**3071 M St. S.E.** :<br>**Washington, D.C. 20019** : | |
| *Plaintiffs*, : | |
| v. : | **Civil Action No. 1:26-cv-2500** |
| **UNITED STATES OF AMERICA** :<br>**950 Pennsylvania Avenue, N.W.** :<br>**Washington, D.C. 20530** : | |
| **Serve: The Honorable Todd Blanche** :<br>**Acting Attorney General of the United States**<br>**United States Department of Justice** :<br>**950 Pennsylvania Avenue, N.W.** :<br>**Washington, D.C. 20530** : | |
| **Jeanine Ferris Pirro, Esq.** :<br>**United States Attorney for the District of** :<br>**Columbia,**<br>**Office of the United States Attorney** :<br>**601 D Street, N.W.** :<br>**Washington, D.C. 20530** : | |
| *Defendant.* : | |

## COMPLAINT

<u>Introduction</u>

This is a Federal Tort Claims Act action for personal injuries suffered by Vincent

Butler, a resident of Maryland, and Leonard Collins, a resident of the District of

Columbia. Both men were involved in an elevator accident on April 8, 2024, in the District of Columbia at a building owned by the United States. Mr. Butler and Mr. Collins were using elevator R8E located at the U.S. House of Representatives, Rayburn building at the time of the accident.

## Jurisdiction and Venue

1.    Plaintiff Vincent Butler is an adult resident of the State of Maryland residing at 5205 Trotters Glen Drive, Upper Marlboro, Maryland 20772.

2.    Plaintiff Leonard Collins is an adult resident of the District of Columbia residing at 3071 M St. S.E. Washington, D.C.

3.    Pursuant to 28 U.S.C. 2675(a), Plaintiffs presented a written claim identifying the incident and damages which are the subject of this action to the Architect of the Capitol Office of General Counsel of General Counsel on or about November 12, 2024.

4.    This lawsuit is filed outside of the six-month period by which the Architect of the Capitol is statutorily required to respond pursuant to 28 U.S.C. 2671, therefore Plaintiffs have the right to institute this action.

5.    All acts hereinafter alleged occurred within the District of Columbia.

6.    Jurisdiction over the subject-matter and parties to this action is conferred upon this Court pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1346(b)(1).

7.    Venue is proper in this District pursuant to 28 U.S.C. 1391(e).

2

Statement of Facts

8.    On or about April 8, 2024, at approximately 12:00 pm, Plaintiffs were both working at the U.S. House of Representatives when they boarded the R8E elevator located in the U.S. House of Representatives, Rayburn Building.

9.    When Mr. Butler and Mr. Collins boarded, the men intended to go up two levels from Level G3 to Level SB. As the elevator came to a stop at Level SB, they took steps toward the exit expecting the elevator's doors to open. Instead, the elevator quickly and violently crashed down two floors to Level G3, causing the elevator's ceiling to fall.

10.    Both Mr. Butler and Mr. Collins suffered serious and painful injuries as a result of the violent elevator crash and the ceiling falling.

11.    As a result of the injuries, both Plaintiffs received medical treatment, incurred medical expenses, and experienced pain and suffering as well as other damages.

12.    Defendant by and through their agents, servants, and/or employees had the duty to inspect and maintain the elevator in a reasonably safe condition for their invitees and the general public using said elevator, including Mr. Butler and Mr. Collins.  Defendant, by and through their agents, servants, and/or employees did breach its duty of care by, including, but not limited to; negligently allowing and or failing to fix a malfunctioning elevator, failing to inspect and maintain the elevator in a reasonably safe condition; negligently creating and/or permitting the creation of a dangerous and unsafe condition; negligently failing to remedy a dangerous and unsafe condition existing thereon; negligently failing to maintain proper and adequate safeguards concerning said condition; negligently failing to timely inspect and discover said condition; negligently failing to warn the Plaintiffs of said dangerous and unsafe condition, negligently failing to prevent

3

people from using the malfunctioning elevator and negligently failing to take steps to correct said condition.

13.     Defendant acting by and through their agents, servants and employees, had actual and/or constructive notice of said dangerous and unsafe conditions then existing with regard to the elevator as described herein.

14.     Plaintiffs at all times acted with appropriate care and caution, and in conformance with all applicable regulations and statutes.

15.     Plaintiffs did not contribute to the cause of the accident or resulting injuries that they suffered from.

16.     As a direct and proximate cause of Defendant's negligence individually and joint and severally, by and through their agents, servants, and/or employees, Plaintiffs suffered severe, painful and permanent bodily injuries and other special damages.

<u>Count I: Negligence</u>

17.     Plaintiffs re-state and re-allege paragraphs 1 through 16 and incorporates the same as though fully set forth herein.

18.     At all times mentioned herein, Defendant United States of America through the Architect of the Capital had a duty to inspect and maintain the premises including the aforementioned elevator in a reasonably safe condition. Defendant, through the Architect of the Capital had a duty with respect to the aforementioned elevator not to create and or allow the presence of an unreasonably dangerous condition for its business invitees and a duty to inspect the elevator and maintain it in a reasonably safe condition so that it would not present an unreasonable risk of harm to those lawfully on the premises. In violation of such duty, Defendant negligently permitted and maintained on such premises a dangerous

4

condition that created an unreasonable risk of injury to individuals on the premises, including Plaintiffs.

19.     Defendant by and through their agents, servants, and/or employees had the duty to maintain the premises in a reasonably safe condition for their business invitees and the general public using said premises, including the Plaintiff. Defendant by and through their agents, servants, and/or employees did breach its duty of care by, including, but not limited to; negligently failing to maintain the premises in a reasonably safe condition; negligently creating and/or allowing the presence of a dangerous and unsafe condition; negligently failing to remedy a dangerous and unsafe condition existing thereon; negligently failing to maintain proper and adequate safeguard concerning said condition; negligently failing to timely inspect and discover said condition; negligently failing to warn the Plaintiffs of said dangerous and unsafe condition; and negligently failing to take steps to correct said condition and or prevent persons from using the unsafe and malfunctioning elevator.

20.     As a direct and proximate result of Defendant's negligence, and with no negligence on the part of Plaintiffs contributing thereto, Plaintiffs suffered severe and painful permanent bodily injury.  Further, Plaintiffs have incurred and will incur medical expenses, lost wages and other special damages.

WHEREFORE, Plaintiffs respectfully request judgment against Defendant in the amount of $600,000.00 for each Plaintiff of which amount represents compensatory damages plus cost of suit and such other and further relief as this Court deems just and proper.

Prayer For Relief

WHEREFORE, the premises considered, Plaintiffs respectfully pray that this Court:

5

- Enter judgment against the United States in the amount of six hundred thousand dollars in compensatory damages for each Plaintiff; and

- Grant Plaintiffs interests' thereon and the costs of this action.

Respectfully submitted,

/s/ Joseph P. Caleb

Joseph P. Caleb (495383)
1100 H Street N.W.
Washington, D.C. 20005
Tel: (202) 953-9849
Fax: (202) 217-4700

/s/ Frederick J. Brynn

Frederick J. Brynn (433863)
922 Pennsylvania Avenue, SE
Washington, D.C. 20003
Tel: (202) 544-7200
Fax: (202) 544-7626

*Counsels For the Plaintiffs*